[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10681
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00125-KMM-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE BAPTISTE,
a.k.a. Fat Wayne,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 7, 2015)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Wayne Baptiste, proceeding pro se, appeals the district court's determination that he was ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines because he had been sentenced as a career offender.  No reversible error has been shown; we affirm.[*]

We review de novo the district court's legal conclusions about the scope of its authority under section 3582(c)(2).  United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012).  We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A district court ordinarily may not modify a defendant's term of imprisonment once it has been imposed.  18 U.S.C. § 3582(c).  A district court may, however, reduce a defendant's sentence if the term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, §

---

[*] To the extent Baptiste challenges the constitutionality of his sentence, this argument is not cognizable in a section 3582(c)(2) proceeding.  See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (in section 3582(c) proceedings, this Court lacks jurisdiction to consider collateral attacks on a sentence).  Moreover, Baptiste has abandoned his arguments (raised for the first time in his reply brief) that he is entitled to relief under the Fair Sentencing Act of 2010 and Amendments 706 and 750.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

3582(c)(2) does not authorize a reduction in sentence." United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013). The defendant bears the burden of establishing that a retroactive amendment actually lowers his guideline range. Id.

When determining whether a reduction is warranted, a court should determine the guidelines range that would have applied had the pertinent amendment been in effect at the time of defendant's sentencing. U.S.S.G. § 1B1.10(b)(1). In doing so, a court must substitute only the pertinent amendment into the district court's original guidelines calculations and must leave all other sentencing decisions unaffected. Id.; United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).

In this case, the sentencing court calculated Baptiste's base offense level as 38 under U.S.S.G. § 2D1.1(c)(1), based on the quantity of drugs involved in his offense. The court then added a two-level enhancement for Baptiste's possession of a firearm, resulting in an adjusted offense level of 40. Because Baptiste qualified as a career offender, the court applied the sentencing guidelines under U.S.S.G. § 4B1.1. Under section 4B1.1, Baptiste's offense level was deemed to be the greater of 37 or "the offense level otherwise applicable" which, in Baptiste's case, was 40. Based on a total offense level of 40 and a criminal history category of VI, Baptiste's guideline range was calculated as 360 months' to life imprisonment. The sentencing court imposed a sentence of 360 months.

The district court committed no error in denying Baptiste a sentence reduction based on Amendment 782. Amendment 782 reduced -- by two -- the base offense levels for most drug sentences calculated pursuant to the Drug Quantity Table, U.S.S.G. § 2D1.1(c). U.S.S.G. App. C., amend. 782. Applying retroactively Amendment 782 to Baptiste's case would decrease Baptiste's base offense level from 38 to 36. Even absent the two-level enhancement for possession of a firearm, Baptiste's total offense level would then be adjusted up to 37, pursuant to section 4B1.1, based on Baptiste's status as a career offender. Together with his criminal history category of VI, Baptiste's resulting guideline range remains 360 months' to life imprisonment. Because the retroactive application of Amendment 782 results in no change to Baptiste's sentencing range, no sentence reduction is authorized under section 3582(c)(2). See Hamilton, 715 F.3d at 337.

AFFIRMED.