[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13466
Non-Argument Calendar

_____

D.C. Docket No. 1:99-cr-00125-KMM-10


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

WAYNE BAPTISTE,
a.k.a. Fat Wayne,

                                        Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 10, 2019)


Before WILLIAM PRYOR, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Wayne Baptiste, proceeding pro se, appeals the district court's denial -- pursuant to the law-of-the-case doctrine -- of Baptiste's renewed motion to reduce his sentence based on Amendment 782.  The government has moved for summary affirmance and a stay of the briefing schedule.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).

"We review de novo the district court's application of the law of the case doctrine."  Thomas v. United States, 572 F.3d 1300, 1303 (11th Cir. 2009).  We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

"Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case."  United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997).  The doctrine "encompasses both findings of fact and conclusions of law made by the appellate court."  United States v. Anderson, 772 F.3d 662, 668 (11th Cir. 2014) (quotations and alterations omitted).  We will decline to apply the law-of-the-case doctrine only in limited circumstances,

2

including "where there is new evidence, an intervening change in controlling law dictat[ing] a different result, or the appellate decision, if implemented, would cause manifest injustice because it is clearly erroneous." Id. at 668-69.

Section 3582(c)(2) authorizes a district court to reduce a defendant's sentence if the term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) does not provide for a de novo resentencing. United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). Instead, in determining whether a sentence reduction is warranted, a court recalculates a defendant's applicable guideline range, substituting only the amended guideline and leaving all other sentencing decisions intact. Id. at 780. "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (alteration omitted).

Baptiste has filed three separate section 3582(c)(2) motions for a sentence reduction based on Amendment 782: in January 2015, February 2015, and in July 2018. The district court denied Baptiste's first two motions, concluding that Baptiste was ineligible for a sentence reduction under Amendment 782 because he was sentenced as a career offender. On appeal, we affirmed the district court's

3

denial of Baptiste's February 2015 motion.  United States v. Baptiste, 618 F. App'x 652 (11th Cir. 2015) (unpublished).  We determined that -- because Baptiste had been sentenced as a career offender under U.S.S.G. § 4B1.1 -- a retroactive application of Amendment 782 resulted in no change to Baptiste's sentencing range.  Id. at 653-54.

In Baptiste's July 2018 motion (the motion at issue in this appeal), Baptiste again sought a sentence reduction based on Amendment 782.  This issue has already been decided.  Our prior decision affirming the denial of Baptiste's February 2015 motion was neither clearly erroneous nor likely to result in manifest injustice.  Baptiste has failed to show circumstances that would merit an exception to the law-of-the-case doctrine; Baptiste is thus barred from revisiting his eligibility for a sentence reduction under Amendment 782.

Because there is no substantial question as to the outcome of the case, summary affirmance is appropriate.  See Groendyke Transp., Inc., 406 F.2d at 1162.  The government's motion for summary affirmance is GRANTED, and the government's motion to stay the briefing schedule is DENIED as moot.

AFFIRMED.

4